IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FREDDIE J. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. |
| ) | |
| TIGER MANAGEMENT GROUP, LLC ) | JUDGE: |
| ) | MAGISTRATE JUDGE: |
| Defendant. ) | |
| ) | JURY DEMAND |
| ) | |

## COMPLAINT

COMES NOW the plaintiff, by and through counsel, and submits her Complaint against defendant. Plaintiff would allege as follows:

1. Plaintiff is a citizen and resident of Sumner County, Tennessee.

2. Defendant Tiger Management Group, LLC is a for profit entity with its principal place of business being 300 Seaboard Lane, Suite 3, Franklin, Williamson County, Tennessee. It's agent for service of process is Greg Merriman, 300 Seaboard Lane, Suite 3, Franklin, Williamson County, Tennessee 37067-2822.

## **JURISDICTION**

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. §1391(b).

4. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337, and 1343. The Court has jurisdiction of the lawsuit in that it arises under Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964,

1

as amended, 42 U.S.C. §2000e-5. The Court also has supplemental jurisdiction of the State Law Claim for discrimination.

## **FACTS**

5. Plaintiff's date of birth is May 5, 1954.

6. Plaintiff began her employment with ExxonMobil on April 1, 1982. On June 26, 2010, ExxonMobil sold its 26 retail locations to Tiger Management Group (hereinafter TMG). As a result of the sale, Plaintiff became an employee of TMG as a District Manager.

7. Prior to the Defendant purchasing the ExxonMobil retail stores, they owned 11 other convenience stores operated under the name Convenience Management Group.

8. One of the provisions of the sale to TMG was that employees of the retail locations would retain their jobs for a minimum of 12 months following the sale.

9. In July 2010, the Plaintiff and two other female employees, Sarah Burrows and Pat Slapak met with the principals of TMG to discuss the transition from ExxonMobil. During the meeting, they asked about their jobs and what changes to expect after 12 months. Plaintiff and her colleagues were told that as long as they continued to do their jobs as well as they had with ExxonMobil, they would have jobs as long as they wanted. The former ExxonMobile employees were never given a new job description.

10. Following the sale to TMG, there was resentment on the part of TMG management for having to retain the ExxonMobil Plaintiff and other older female employees of ExxonMobile. This resentment was evidenced by the comments and actions of the

2

TMG partners.

11. After the sale to TMG, territories were realigned and a new policy was instituted requiring Plaintiff to visit stores at various hours of the day and night, to check on 2nd and 3rd shift employees. During the first months, the Plaintiff and other employees did not receive gas or mileage reimbursement, and were not provided with cell phones or computers.

12. During meetings, Mike Campbell, TMG Partner and Operations Manager, Don Lemming, Human Resources Director and Eric Black, District Manager would rarely interact with the female employees.

13. On or around September 2010, Tony Williams, a store manager, was terminated. She was a white female, in her mid-fifties, who had worked for ExxonMobil since March, 2005.

14. Mike Campbell spoke in a derogatory manner toward female employees, regularly referring to one female store manager as "your girl" when talking to the Plaintiff. He referred to the Plaintiff working with a female store manager as "the blind leading the blind." One black female employee, to whom Mike Campbell referred to as "Turtle" was terminated over a minor infraction after working for ExxonMobil, with an unblemished record, since October, 2005.

15. In April 2011, a store manager, Robin Tedford, complained to the Plaintiff about Mike Campbell calling her "hun" and constantly hugging her. In fear of her job, Ms. Tedford initially asked the Plaintiff not to report her complaint. A few weeks later, Ms. Tedford herself reported the incidents to the human resource manager. Ms. Tedford resigned from the company in June, 2011.

16. During the first year after the purchase of the ExxonMobil retail locations, TMG recruited several male employees, including Tristan Anowar. Mr. Anowar was heard in a conversation with Mike Campbell saying he had other people he wanted to bring on board. At this time, Pat Slapak, one of the Plaintiff's colleagues sent a note to the human resource manager advising that all the females felt they were not getting the same treatment as males.

17. Ms. Slapak's message led to a confrontation with management where she again advised that all the women felt the same way. TMG Mangement, however, never followed up with the Plaintiff nor other female employees.

18. By June, 2011, many of the Plaintiff's messages to Mike Campbell and Don Lemming went unanswered.

19. In July 2011, Plaintiff received an e-mail advising of a mandatory meeting including the Plaintiff, Sarah Burrows, Pat Slapak, Eric Black, Kathy Jennings and Toyia Bernales, all of whom had been prior employees of ExxonMobil.

20. During the course of the meeting, the Plaintiff, and Sarah Burrows were terminated. Pat Slapak, was suspended and was terminated later. The three employees that were terminated are all females in their 50s.

21. Eric Black, the male manager was not terminated and remained as an employee of the company, managing the Convenience Management Group stores. Kathy Jennings and Toyia Bernales were not terminated at the meeting, but both have since left the company due to working conditions.

22. Defendant has engaged in a pattern or practice of intentional discrimination against the Plaintiff and others, on the basis of age and/or gender under Title VII, and as described above.

4

23. Plaintiff has received her Right to Sue letter.

## CAUSES OF ACTION

### I. Age Discrimination

24. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 23.

25. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitute violations of Title VII of the Civil Rights Act on 1964, as amended, as a result of the plaintiff's age, which entitles her to compensatory damages, reinstatement, back pay, front pay, and attorney's fees and costs.

### II. Gender Discrimination

26. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 23.

27. The plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitute violations of Title VII of the Civil Rights of 1964, as amended, as a result of the gender, which entitles her to compensatory damages, reinstatement, back pay, front pay, and attorney's fees and costs.

### III. Violations of Tennessee Human Rights Act

28. Plaintiff incorporates herein by reference the factual allegations outlined in Paragraphs 1 through 23.

29. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitute violations of the Tennessee Human Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant that the defendant be required to answer within the time prescribed by law.

2. The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction enjoining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of age or gender.

4. That this matter be set for a trial by jury.

5. That the plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES

_____
ANDY L. ALLMAN, BPR No.17857
MICHAEL A. TOLBIRD, BPR No.18254
103 Bluegrass Commons Blvd.
Hendersonville, TN   37075
Telephone:   (615) 824-3761
Facsimile:   (615) 824-2674
andylallman@comcast.net
andrewtolbird@comcast.net